**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**MORGAN J. MOUAT,**

    **Plaintiff,**

v.   Case No.:

**SOUTHEAST UTILITIES OF**
**GEORGIA, INC.,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MORGAN J. MOUAT ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, SOUTHEAST UTILITIES OF GEORGIA, INC. ("Defendant"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for retaliation under 29 U.S.C. § 215(a)(3) and for violations of the Families First Coronavirus Response Act ("FFCRA"), 29 CFR § 826 et seq. ("EPSLA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Jacksonville, in Duval County, Florida.

## PARTIES

4. Plaintiff is a resident of Duval County, Florida and she worked for Defendant in Duval County.

5. Defendant is in the business of providing cable TV, fiber optic design, construction, installation, repair and emergency services for utility and communication lines with an office located in Jacksonville, in Duval County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and thus was an "employee" under the FFCRA.

11. At all times material hereto, Plaintiff was an "eligible employee" within the meaning of the FFCRA.

12. At all times material hereto, Plaintiff was employed at least 30 calendar days by Defendant.

13. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

14. Defendant continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

18. At all times material hereto, Plaintiff was an 'employer" within the meaning of the FFCRA.

19. At all times material hereto, Plaintiff was engaged in commerce or was engaged in an activity affecting commerce.

20. At all times material hereto, Plaintiff was a private entity employing fewer than 500 employees.

## FACTS

21. Plaintiff began working for Defendant as an administrative assistant in or around December 2019, and she worked in this capacity until in or around June 2020.

22. On or around June 14, 2020, Plaintiff began experiencing symptoms of COVID-19 and also learned that she was previously exposed to an individual who tested positive for COVID-19.

23. On or around June 14, 2020, Plaintiff notified Defendant by text message that she was experiencing symptoms of COVID-19 and that she learned she was recently exposed to an individual diagnosed with COVID-19. Plaintiff informed Defendant that she was going to get tested for COVID-19.

24. On or around June 14, 2020, Defendant informed Plaintiff that she should not return to work until she received her COVID-19 test results.

25. The following week of June 15, 2020, Plaintiff was tested for COVID-19 and she was off from work in quarantine pending her COVID-19 test results and per Defendant's instructions.

26. On or around June 19, 2020, Defendant terminated Plaintiff's employment while she was still quarantined and waiting for her COVID-19 test results.

27. On or around June 20, 2020, Plaintiff received a positive test result for COVID-19. Plaintiff informed Defendant of her positive test result.

28. Due to her quarantine while awaiting her COVID-19 test result, Plaintiff was eligible for paid leave in accordance with the FFCRA/EPSLA.

29. Defendant failed to provide paid leave under the FFCRA/EPSLA.

30. Defendant retaliated against Plaintiff for pursuing her rights under the FLSA and the FFCRA by terminating her employment.

31. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA and the FFCRA.

## **COUNT I – UNPAID SICK LEAVE IN VIOLATION OF FFCRA/EPSLA**

32.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

33.     Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because she was experiencing symptoms of COVID-19 and quarantined while seeking a diagnosis from a health care provider.

34.     Defendant failed to pay Plaintiff for any sick leave while she was experiencing symptoms of COVID-19 and quarantined while seeking a diagnosis from a health care provider.

35.     The foregoing conduct, as alleged, constitutes a willful violation of the FFCRA/EPSLA.

36.     Plaintiff was injured due to Defendant's violations of the FFCRA/EPSLA.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a judgment, stating that Defendant failed to pay Plaintiff sick leave in violation of the FFCRA/EPSLA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Liquidated damages;

(f)     Plaintiff's reasonable attorneys' fees and costs; and

(g)     For such further relief as this Court deems just and equitable.

## COUNT I – FLSA RETALIATION

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

38. By pursuing her rights under the FFCRA, Plaintiff engaged in protected activity under the FLSA.

39. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

41. Plaintiff was injured due to Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

 (a) A jury trial on all issues so triable;

 (b) That process issue and that this Court take jurisdiction over the case;

 (c) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

 (d) Compensation for lost wages, benefits, and other remuneration;

 (e) Compensatory damages, including emotional distress, allowable at law;

 (f) Plaintiff's reasonable attorneys' fees and costs; and

 (g) For such further relief as this Court deems just and equitable.

## COUNT III – FFCRA RETALIATION

42. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

43. Plaintiff was off from work in quarantine while waiting for her test results to determine if she was infected with COVID-19, and as such Plaintiff engaged in protected activity under the FFCRA.

44. By terminating Plaintiff's employment while she was quarantined and waiting for her test results for COVID 19, Defendant retaliated against Plaintiff for engaging in protected activity under the FFCRA.

45. The foregoing conduct, as alleged, constitutes a willful violation of the FFCRA.

46. Plaintiff was injured due to Defendant's violations of the FFCRA.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FFCRA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law;

(f) Plaintiff's reasonable attorneys' fees and costs; and

(g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 2nd day of September, 2020.

                                                Respectfully submitted,

*/s/ Christopher J. Saba*

**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**